NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 11-2332
_____

UNITED STATES OF AMERICA

v.

WALLACE MORRIS,
also known as POP

Wallace Morris,
              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00095-002)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2012

Before:  McKEE, *Chief Judge*, SLOVITER, *Circuit Judge*
and O'CONNOR, *Associate Justice* (Ret.)[*]

(Opinion Filed : April 20, 2012 )
_____

OPINION
_____

---

[*] Hon. Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

SLOVITER, *Circuit Judge*.

**I.**

Appellant Wallace Morris pled guilty to mail fraud stemming from his participation in a large-scale insurance fraud involving numerous fictitious automobile accidents in Philadelphia. Pursuant to the offense, Morris recruited vulnerable individuals to pose as accident victims; an accomplice from the Philadelphia Police Department prepared false accident reports; the automobiles allegedly involved were towed by one accomplice to an autobody shop run by another; and the accident "victims" then presented false stories to a chiropractor—himself a participant in the fraud—for the purpose of filing bogus insurance claims. When the "victims" received settlement money for their claims, Morris took a portion of the proceeds.

In January 2011, Morris entered an open plea of guilty to fifteen counts of mail fraud, in violation of 18 U.S.C. § 1341. The federal criminal counts covered only six of the accidents staged by Morris; approximately forty-five other staged accidents were the subject of state criminal proceedings. In July 2010, Morris also pled guilty in state court to, inter alia, forty-two counts of theft by deception. He received an aggregate sentence in state court of 4 to 10 years imprisonment.

The District Court set Morris' total offense level at 16, which included a four-level enhancement under U.S.S.G. § 3B1.1(a). The District Court determined that Morris' criminal history category was III, thus producing an advisory Sentencing Guidelines

2

range of 27 to 33 months. The District Court sentenced Morris to 33 months imprisonment, consecutive to the state sentence he was then serving. Morris appeals, raising two challenges to his sentence.

## II.

Morris' first challenge is to the District Court's application of a four-level enhancement under U.S.S.G. § 3B1.1(a), which the District Court applied because it determined that based on the evidence the government could produce at trial, Morris "was an organizer or leader of a criminal activity that involved five or more participants . . . ." U.S.S.G. § 3B1.1(a). Our review is for clear error. *See United States v. Richards*, --- F.3d ---, 2012 WL 887592, at *6 (3d Cir. Mar. 16, 2012) ("[W]here . . . sentencing adjustments require a district court to closely examine a set of facts and determine whether they fit within the definition of the adjustment before deciding whether to apply the adjustment, we should review that decision for clear error only."). Morris concedes that "his participation was greater than most of the co-defendants and would justify a two level increase [under § 3B1.1(c)]," but maintains that it was error for the District Court to apply a four-level enhancement under § 3B1.1(a) because "he was not the leader of the criminal activity." Appellant's Br. at 10.

The court has explained that "to be considered an organizer or leader, 'the defendant must have exercised some degree of control over others involved in the commission of the offense.'" *United States v. Helbling*, 209 F.3d 226, 243 (3d Cir. 2000)

3

(citation omitted). In applying this standard, a defendant's relevant conduct is considered. *See* U.S.S.G. ch. 3, pt. B, introductory cmt. (2011).

As the Government persuasively argues, Morris played an aggravating role in the fraud scheme because he "recruited participants, took them to or met them at Rios Chiropractic Center, provided them a fictitious story to tell the doctor, often talked to the doctor before they did, took some 'victims' to an attorney, and often demanded or received kickbacks from the insurance settlements received by the 'victims.'" Appellee's Br. at 23. The District Court explained that "the other defendants were sort of casual players who . . . came in for a few bucks here and there. [Morris] -- he was a serial phony accident schemer and did this over and over again for a number of years . . . ." App. at 26.

Although Morris may not have been the "ringleader," he was at the very least an "organizer" of the fraud scheme, given his recruitment of "victims" and his control over their visits to the chiropractor and attorney accomplices. *See United States v. Tejada-Beltran*, 50 F.3d 105, 112 (1st Cir. 1995) (because "[t]he language of section 3B1.1(a) is disjunctive," the enhancement applies "so long as the defendant is *either* 'an organizer *or* leader'"); *accord United States v. Ingham*, 486 F.3d 1068, 1074-75 (9th Cir. 2007). Morris conceded at the sentencing hearing that he "brought people [into the conspiracy] and took them to the doctor and took them to the lawyer." App. at 12. In light of the actions Morris took, there was ample evidence to support the District Court's decision to apply the enhancement.

4

## III.

Morris also argues that the District Court's sentence was unreasonable insofar as it was made to run consecutive to his related state sentence. The imposition of a consecutive sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United State v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

In support of his argument, Morris argues that a consecutive sentence was improper because "[a] concurrent sentence would still reflect the seriousness of the crime and provide just punishment." Appellant's Br. at 12. Morris also argues that the District Court should have considered the fact that "[t]he offense conduct charged in both the state and federal cases occurred during the same period of time and involved similar conduct . . . ." *Id.* at 11. In rejecting that argument, the District Court noted that the staged accidents at issue in Morris' state criminal proceedings are distinct from those at issue in these federal proceedings.

Title 18, Section 3584(b) of the United States Code provides that "in determining whether the terms imposed are to be ordered to run concurrently or consecutively, [the sentencing court] shall consider . . . the factors set forth in section 3553(a)." Morris does not suggest that the District Court was unaware of its discretion to make his federal sentence run either concurrent with or consecutive to his state sentence. Furthermore, the record reveals that the District Court gave due consideration to the § 3553(a) factors:

> I agree that Mr. Morris is going to spend a lengthy period of time in jail, but I think that he requires punishment. I think that he needs a substantial period in a correctional institution so that he learns that he has to conform his conduct to the expectations of society, and I think there is a major effective deterrence here, that people in the community will get word that Mr. Morris is serving a lot of time, and that will deter others as well as Mr. Morris himself from committing this type of crime in the future.

App. at 31.

This explanation is sufficient and persuasive. The District Court did not abuse its discretion by mandating that Morris serve his federal sentence upon completion of his state sentence.

## IV.

For the reasons set forth, we will affirm the sentence imposed by the District Court.